T.C. Summary Opinion 2002-75

UNITED STATES TAX COURT

JOHN J. DEWALD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1503-01S.              Filed June 26, 2002.

John J. DeWald, pro se.

<u>James N. Beyer</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $4,470 for the taxable year 1998.

The issues for decision are whether petitioner is entitled to:  (1) Two dependency exemption deductions; (2) head of household filing status; and (3) an earned income credit based on two qualifying children.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Orangeville, Pennsylvania, on the date the petition was filed in this case.

From March 1998 through December 1998, petitioner resided in his sister's apartment.  He resided with his sister, Susan DeWald, his sister's boyfriend, Ronald Yorks, and his sister's two children, Brianna DeWald and Cody Livingston, who turned 5 and 4 years old during 1998, respectively.  Petitioner and his wife, who then was his girlfriend, would often babysit the children while Ms. DeWald and Mr. Yorks were "on the road." Petitioner would also provide transportation for Cody, who required special medical treatment, and for Brianna.

During 1998, no rent was paid for the apartment by any of the tenants because it was government subsidized housing. Petitioner received combined wage income of $13,613 from Workforce Solutions, Inc. and Travel Ports of America.  As a part

of his employment, petitioner worked at Buck Horn Family Restaurant.  At the time of trial, petitioner was still working at this restaurant, earning approximately $25,000 per year. During 1998, petitioner owned an automobile and was making monthly payments with respect thereto.  Petitioner also made monthly insurance payments with respect to this automobile and with respect to an automobile owned by Ms. DeWald.  While he resided with his sister, petitioner contributed to the payment of telephone and electric bills, the purchase of food for the household, and the purchase of clothing for the children.

During 1998, Ms. DeWald was employed for a portion of the year, earning $2,921.  In addition, she received food stamps during the entire year which she used to purchase food for all those residing in the apartment, and she received an unspecified amount of welfare assistance.

Petitioner filed an individual Federal income tax return for taxable year 1998.  On this return, petitioner claimed head of household filing status and claimed two dependency exemption deductions for Brianna and Cody.  Petitioner also claimed an earned income credit naming Brianna and Cody as qualifying children; the return stated that they were petitioner's foster children and that they resided with petitioner for the entire year.

In the statutory notice of deficiency, respondent changed petitioner's filing status to single, disallowed the dependency exemption deductions, and disallowed the earned income credit.

The first issue for decision is whether petitioner is entitled to two dependency exemption deductions.

Subject to various exceptions and limitations not applicable here, a deduction generally may be allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). A taxpayer's niece or nephew generally is a dependent of the taxpayer only if the taxpayer provides over half of the niece's or nephew's support for the taxable year. Sec. 152(a)(6).

We are convinced that, during most of 1998, petitioner paid various expenses for the children and had significant responsibility in caring for them. However, petitioner has failed to provide the Court with any significant corroborative evidence showing that he provided over half their support during that year. A major component of the children's support was their housing, but because petitioner was residing in his sister's apartment for which he paid no rent, the rental charge for the apartment was provided by a source other than petitioner. See sec. 1.152-1(a)(2)(i), Income Tax Regs. Furthermore, petitioner only resided with Brianna and Cody for 9 to 10 months during 1998, and presumably was providing for none of their support during the remaining 2 to 3 months. Based on the record before

us, we cannot find that petitioner paid over half of the support for Brianna and Cody during 1998.

The second issue for decision is whether petitioner is entitled to head of household filing status.

An unmarried taxpayer with no children or stepchildren is entitled to head of household filing status only if the taxpayer maintains as his household the principal place of abode, for more than half the year, of at least one individual who entitles the taxpayer to a dependency exemption deduction under section 151. Sec. 2(b)(1). Because petitioner did not establish that he furnished over half the cost of maintaining the household, and because neither Brianna nor Cody entitles petitioner to a dependency exemption deduction for 1998, petitioner is not entitled to head of household filing status for that year.

The third issue for decision is whether petitioner is entitled to an earned income credit based on two qualifying children.

Under section 32, an eligible taxpayer is allowed a credit which is calculated as a percentage of the taxpayer's earned income, subject to certain limitations. Sec. 32(a)(1). Taxpayers who have qualifying children are allowed a larger credit and are entitled to a credit at higher income levels than are individuals without qualifying children. Sec. 32(a), (b). Because petitioner's earned income was $13,613 during the year in

issue, he is entitled to an earned income credit only if he had qualifying children during that year.  Id.

Under section 32, qualifying children of a taxpayer include only (1) children of the taxpayer, or descendants of such children; (2) stepchildren of the taxpayer; and (3) eligible foster children of the taxpayer.  Sec. 32(c)(3)(A), (B). Eligible foster children include only certain individuals who have the same principal place of abode as the taxpayer for the entire taxable year.  Sec. 32(c)(3)(B)(iii)(II).  Brianna and Cody were neither children nor stepchildren of petitioner, and they resided with petitioner for less than the entire taxable year 1998.  Consequently, petitioner is not entitled to an earned income credit for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.